**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGIY KULYA,

      Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, ET AL,

      Defendants.

                                     /

No. C 06-06539 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 9, 2007 AT 9:00 A.M.:

        The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

        The Court **tentatively GRANTS** defendant City and County of San Francisco's motion to dismiss all of Yvan's claims in the complaint without prejudice.

The parties shall have 15 minutes to address the following questions:

1. Assuming the Court finds a conflict of interest, the Court has broad discretion in choosing a guardian *ad litem*. *Williams v. Superior Court of San Diego,* 147 Cal. App. 4th 36, 47 (2007) (*citing In re Emily R.*, 80 Cal. App. 4th. 1344, 1356 (2000)). Who do the parties suggest to serve as Yvan's guardian *ad litem*?

    a. What authority do the Defendants rely on in support of appointing a dependency lawyer to represent Yvan as his guardian *ad litem*? How is a dependency lawyer qualified to safeguard Yvan's interest?

    b. What authority does Georgiy rely on to support allowing his input in selection of the guardian *ad litem* if the Court finds that there is a conflict of interest between Yvan and Georgiy? *See Williams*, 147 Cal. App. 4th at 52-53 ("[A] parent with a conflict of interest is not entitled to select the guardian *ad litem* or control the tactical or strategic legal decisions made by the guardian and/or the child's attorney.")

    c. Would the parties be amenable to selection of a guardian *ad litem* from a list of the following attorneys: Andrea Miller, Donnie Cox, Paul Leehy, Dennis Atchley and David Beauvais (*see* Reply. Br. ¶ 20) or Jennifer Callahan, the attorney appointed to represent Yvan in the Family Court proceeding?

2. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: March 5, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE