IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIY KULYA individually and on behalf of his minor child YVAN KULYA,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 06-06539 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

Now before the Court is the motion to dismiss the named Plaintiff Yvan Kulya filed by Defendants City and County of San Francisco, San Francisco Police Department, City and County of San Francisco Human Services Agency, Tracy McCray, Fitzgerald Wong, Maris Goldsborough, Craig Wilson, Benny Lew, Tim Laird, Deborah Goldstein, Ivey Nzarem, and Fay Ali (collectively "Defendants"). Having considered the parties' papers and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court GRANTS Defendants' motion without prejudice.

**BACKGROUND**

Georgiy Kulya filed a complaint for violation of civil rights, for false arrest, and for intentional infliction of emotional distress on behalf of himself as an individual, and on behalf of his minor son, Yvan Kulya as his guardian *ad litem*.[1] The complaint arises from an incident in which Yvan's mother, Susanna Reyngach, took Yvan to the police station to file charges of child abuse against Georgiy. (Compl. ¶ 37.) An investigation of the allegations resulted in Georgiy spending a night in jail and Yvan later spending a night in a shelter. (Compl. ¶ 43, 58.) The San Francisco District Attorney's Office declined to file criminal charges after further investigation. (Compl. ¶ 66-67.) Georgiy filed the current lawsuit against the City and various City employees including police officers and social workers involved in the events for violation of his own and his son's civil rights.

Defendant moves to dismiss all causes of action by Plaintiff Yvan because his father failed properly to appoint a guardian *ad litem*.

**ANALYSIS**

**A.   Legal Standard for Guardian *Ad Litem*.**

Federal Rule of Civil Procedure 17 applies to the capacity to sue. *See* Fed. R. Civ. P. 17. State law should be applied to determine capacity to sue. Fed. R. Civ. P. 17(b). In California, a minor must be represented by a guardian *ad litem* in court proceedings. Cal. Code of Civ. Proc. § 372(a). If the minor is a plaintiff in a cause of action then a guardian *ad litem* must be appointed before issuance of the summons. Cal. Code of Civ. Proc. § 373(a).

"A court has broad discretion in ruling on a guardian *ad litem* application." *Williams v. Superior Court of San Diego,* 147 Cal. App. 4th 36, 47 (2007) (*citing In re Emily R.*, 80 Cal. App.

---

[1] Prior to briefing on the motion to dismiss, Plaintiff Georgiy did not file an application to proceed as his son's guardian *ad litem*. To the extent such an application was filed in opposition to the motion to dismiss, such application is HEREBY DENIED.

2

4th 1344, 1356 (2000)).  When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex parte* application and involves minimal exercise of discretion by the trial court. *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994).

The guardian *ad litem*'s main focus is the best interests of the minor.  *Briggs v. Briggs*, 160 Cal. App. 2d 312, 319 (1958).  The guardian *ad litem* is an officer of the court with the right to control the minor's litigation.  *De Los Santos v. Superior Court of Los Angeles*, 27 Cal. 3d 677, 683-84 (1980).  "The guardian *ad litem*'s role is more than an attorney's but less than a party's."  *In re Josiah Z.*, 36 Cal. 4th 664, 678 (2005).  When choosing a guardian *ad litem* for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation.  *Williams*, 147 Cal. App. 4th at 47.

**B.      Procedural Failure to Appoint Guardian *Ad Litem* Prior to Filing Complaint.**

Here, Georgiy filed the complaint on behalf of Yvan without first properly appointing a guardian *ad litem*.  Consequently, the lawsuit was not properly filed on behalf of Yvan because he does not have a guardian *ad litem* and as a minor, he cannot represent himself.  *See* Cal Code Civ. Proc. § 373(a).

**C.      Conflict of Interest.**

Defendants argue that there is a conflict of interest between Yvan and Georgiy because allegations of Georgiy's abuse instigated the chain of events resulting in Georgiy spending a night in jail and the temporary removal of Yvan from Georgiy's custody.  "If the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 147 Cal. App. 4th at 50.  "A parent with a conflict of interest is no longer a 'fit' parent for the narrow purposes of controlling litigation decisions on behalf of the child." *Id.*  If a parent has complaints regarding the conduct of the guardian *ad litem*, they can bring those issues to the court's attention.  *Id.* at 51.  As an officer of the court, the guardian *ad litem*'s conduct is

monitored by the court. *Id.* After a parent has determined that the child should take legal action, the focus shifts to determine the best way to protect the minor's interest in the lawsuit. *Id.* at 52-53. "Under such circumstances, a parent with a conflict of interest is not entitled to select the guardian *ad litem* or control the tactical or strategic legal decisions made by the guardian and/or the child's attorney." *Id.* at 53.

Clearly there is at a minimum a potential conflict of interest between Georgiy and Yvan because of the allegations of abuse which form the ostensible basis for Defendants' subsequent conduct. As a result, despite being Yvan's father, Georgiy is not a suitable choice for guardian *ad litem* in this litigation. Yvan's mother is also not an appropriate guardian *ad litem* because of the allegations that she made a false report to the police regarding the allegations of child abuse.

**D.    Appointing a Guardian *Ad Litem* for Yvan.**

At oral argument, the parties were unable to reach an agreement about a suitable guardian *ad litem* for minor Yvan. The Court ORDERS each party to submit by electronic-filing a list of three suitable guardians, with their contact information, by no later than March 23, 2007. There shall be no oral communications between the parties and the potential guardians, although the parties may jointly draft a letter to potential candidates inquiring into the candidate's possible conflicts and instructing the candidate to respond in writing to counsel for both parties. In order to ensure the largest possible candidate pool, the parties should do appropriate preliminary due diligence to avoid possible conflicts of interest. The parties should avoid suggesting any candidate who is employed by the City and County of San Francisco.

By separate order, the Court will refer the matter of appointment of the guardian to Magistrate Judge Maria-Elena James to prepare a report and recommendation on an expedited basis. Magistrate James shall consider the parties' suggested candidates, but is not limited to a selection among them. The appointed guardian *ad litem* shall have the discretion to review the factual

4

allegations of the complaint and determine what, if any, legal claims are in Yvan's best interest to pursue. In addition, should the appointed guardian find it in Yvan's interests to pursue the claims, the guardian must determine whether or not to retain separate counsel or to retain Robert R. Powell as counsel for the minor.

## CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss Yvan's claims is GRANTED without prejudice. By separate order, the Court refers the matter of appointment of a guardian *ad litem* to Magistrate Judge Maria-Elena James for an expedited report and recommendation.

**IT IS SO ORDERED.**

Dated: March 9, 2007

Jeffrey S. White
UNITED STATES DISTRICT JUDGE

5