IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIY KULYA, | |
|     Plaintiff, | No. C 06-06539 JSW |
|   v. | |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL, | **TENTATIVE RULING AND QUESTIONS RE MOTION FOR SUMMARY JUDGMENT** |
|     Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 15, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendants' motion for summary judgment.

The parties shall each have 20 minutes to address the following questions:

1    In what cause of action do Plaintiffs allege a *Monell* claim and on what factual basis? What authority stands for Plaintiff's proposition that the defendant police officers were required to investigate the child's allegations by interviewing the accused prior to his arrest?

2.    If the Court grants summary judgment for the Fourth Claim based on a finding of probable cause to arrest, is there any independent basis for the claims for battery and false arrest/imprisonment (claims seven and eight)?

3.    What evidence supports Plaintiff's contention that the social worker defendants did not face exigent circumstances in the detention of the minor child?

4.    What evidence have Plaintiffs proffered that support the intent element of the intentional infliction of emotional distress claim?

5.    Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  August 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE